# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | | |
|---|---|---|
| Michael S. Schmitt; Jeffrey D. Nyman; | ) | Civil Action No. 3:17-cv-01557-JMC |
| Scott D. Roberts; and James S. Schmidt, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Lewis-Goetz and Company, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiffs Michael S. Schmitt, Jeffrey D. Nyman, Scott D. Roberts and James S. Schmidt (collectively "Plaintiffs") filed the instant action against Defendant Lewis-Goetz and Company, Inc. ("Defendant") seeking "declaratory relief, specific performance, and injunctive relief" for Defendant's alleged failure to comply with its obligations under a Membership Interest Purchase Agreement ("MIPA") and an escrow agreement. (ECF No. 18 at 2 ¶ 6)

This matter is before the court pursuant to Defendant's Motion to Transfer Venue to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).[1] (ECF No. 21 at 1.) In the alternative, Defendant moves for dismissal of "Count III of the Amended Complaint for failure to state a claim upon which relief may be granted." (Id.)

---

[1] The court observes that the instant Motion is Defendant's second Motion to Transfer Venue. On August 7, 2017, Defendant filed a Motion to Transfer Venue regarding Plaintiffs' Complaint. (See ECF No. 12.) Thereafter, on August 28, 2017, Plaintiffs timely filed an Amended Complaint. (See ECF No. 18.) Plaintiffs' Amended Complaint superseded the original Complaint such that Defendants' original Motion to Transfer Venue (ECF No. 12) is deemed **DENIED AS MOOT**. See, e.g., Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) (noting that an amended pleading supersedes the original "and renders it of no legal effect."). Additionally, Defendant filed a Motion for Stay of Deadlines and Entry of Scheduling Order (ECF No. 13.) seeking to stay the case until the court ruled on the original Motion to Transfer. In accordance with the observations in the instant footnote and Order, the court also **DENIES AS MOOT** the Motion for Stay. (ECF No. 13.)

Plaintiffs oppose Defendant's Motions in their entirety. (ECF No. 24.) For the reasons set forth below, the court **GRANTS** Defendant's Motion to Transfer Venue.

## I.     RELEVANT BACKGROUND TO PENDING MOTION

Plaintiffs allege that they had an ownership interest in Action Industrial Group, LLC ("AIG") "which Plaintiffs desired to sell and [Defendant] Lewis-Goetz desired to purchase." (ECF No. 18 at 2 ¶ 10.) Plaintiffs allege that on or about April 1, 2015, they entered into the MIPA with Defendant and others for "All Issued and Outstanding Membership Interest" of AIG. (Id. at 3 ¶ 11 (referencing ECF No. 18-1).) The MIPA allegedly required Plaintiffs to indemnify Defendant "from certain losses resulting from or related to breaches of Plaintiffs' representations, warrants, and covenants in the Purchase Agreement." (Id. at 4 ¶ 17.) Furthermore, because the MIPA required "certain portions of the purchase price . . . to be placed into an escrow account," Defendant entered into an escrow agreement with JPMorgan Chase Bank N.A. ("Chase Bank") and Plaintiffs. (Id. ¶¶ 14–15.)

In accordance with the foregoing, the parties closed the MIPA on April 8, 2015, and funds were placed in an escrow account at Chase Bank. (Id. at 5 ¶¶ 22–23.) On September 28, 2016, Plaintiffs allege that they were provided notice of a claim by Defendant who also communicated to Chase Bank that Defendant "would not execute joint written instructions for the release of any portion of the Escrow Funds until its alleged claim was resolved." (Id. ¶¶ 26–27.) Thereafter, Plaintiffs allege that they attempted to determine the nature of the claim being made by Defendant, but were unsuccessful. (See id. at 6 ¶ 30–8 ¶ 41.) On April 7, 2017, Plaintiffs allege that they asked Defendant to "execute joint written authorizations to Chase Bank allowing it to release Plaintiffs' Escrow Funds within ten (10) days." (Id. at 8 ¶ 42.) Plaintiffs further allege that Defendant ignored this demand. (Id. ¶ 43.)

On June 14, 2017, Plaintiffs filed a Complaint against Defendant in this court alleging a claim for breach of contract and requesting injunctive relief. (ECF No. 1 at 5 ¶ 37–6 ¶ 44.) In response to Plaintiffs' Complaint, Defendant filed an Answer (ECF No. 15) and Motions to Transfer Venue or to Dismiss (ECF No. 12) on August 7, 2017. Plaintiffs timely filed an Amended Complaint on August 28, 2017, alleging claims for declaratory judgment, breach of contract and breach of the covenant of good faith and fair dealing. (ECF No. 18 at 8 ¶ 45–11 ¶ 63.) Thereafter, on August 31, 2017, Defendant filed the instant Motion to Transfer Venue or to Dismiss. (ECF No. 21.)

## II.    JURISDICTION

The court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332, based on Plaintiffs' allegations that the parties are citizens of different states and the amount in controversy exceeds $75,000.00. Plaintiffs allege that Schmitt, Schmidt and Nyman are citizens and residents of South Carolina while Roberts is a citizen and resident of Georgia. (ECF No. 18 at 1 ¶¶ 1–4.) Plaintiffs further allege that Defendant "is a corporation existing under and by virtue of the laws of the State of Pennsylvania with its principal place of business in Pittsburgh, Pennsylvania." (Id. ¶ 5.) Moreover, the court is satisfied that the amount in controversy exceeds $75,000.00. (Id. at 2 ¶ 7 & 5 ¶ 25.)

## III.    LEGAL STANDARD

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Id. "The appropriate venue of an action is a procedural matter that is governed by federal rule and statutes." Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 651 (4th Cir.

2010) (citing Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1391; 28 U.S.C. § 1406(a)). "Whether a case should be transferred to an alternative venue rests within the sound discretion of the district court." <u>Sw. Equip., Inc. v. Stoner & Co., Inc.</u>, C/A No. 6:10-1765-HMH, 2010 WL 4484012, at *2 (D.S.C. Nov. 1, 2010) (citing <u>In re Ralston Purina Co.</u>, 726 F.2d 1002, 1005 (4th Cir. 1984)).

"In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a forum non conveniens motion) must evaluate both the convenience of the parties and various public-interest considerations."[2] <u>Atl. Marine Constr. Co. v. U.S. Dist. Ct. W.D. Tex.</u>, 134 S. Ct. 568, 581 (2013). However, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." <u>Id.</u> "[A] valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum[,]'" should be "'given controlling weight in all but the most exceptional cases.'" <u>Id.</u> (quoting <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 31 & 33 (1988)).

A court conducts a two-part analysis in deciding whether to enforce a forum selection clause. First, the court determines whether the forum-selection clause is valid and enforceable.

---

[2] The Court in <u>Atlantic Marine</u> identified the private and public factors as follows:

> Factors relating to the parties' private interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 241, n.6, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981) (internal quotation marks omitted). Public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." <u>Ibid.</u> (internal quotation marks omitted). The Court must also give some weight to the plaintiffs' choice of forum. <u>See</u> <u>Norwood v. Kirkpatrick</u>, 349 U.S. 29, 32, 75 S. Ct. 544, 99 L. Ed. 789 (1955).

<u>Atl. Marine</u>, 134 S. Ct. at 581 n.6.

Atl. Marine, 134 S. Ct. at 581. A forum-selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 10 (1972). A forum-selection clause may be considered unreasonable if "(1) [its] formation was induced by fraud or over-reaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4)[its] enforcement would contravene a strong public policy of the forum state." Albemarle Corp., 628 F.3d at 651 (quoting Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996)).

Second, the court must consider whether "extraordinary circumstances" would hinder the enforcement of the forum-selection clause. Atl. Marine, 134 S. Ct. at 581. In considering whether extraordinary circumstances are present to avoid enforcement of a valid forum selection clause, a court may consider "arguments about public-interest factors only."[3] Id. at 581–82.

## IV.    ANALYSIS

A.    The Parties' Arguments

1. *Defendant*

Defendant contends that "Plaintiffs claims are entirely premised on the allegation that the MIPA is a 'valid and enforceable' contract." (ECF No. 21-1 at 6 (citing ECF No. 18 at 9 ¶ 50 ("The Purchase Agreement and the Escrow Agreement are valid and enforceable contracts.")).)

---

[3] "The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." Atl. Marine, 134 S. Ct. at 581. "First, the plaintiff's choice of forum merits no weight." Id. "Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." Atl. Marine, 134 S. Ct. at 582. "Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." Atl. Marine, 134 S. Ct. at 582.

Defendant further contends that the MIPA has the following mandatory forum selection clause that requires the litigation of disputes "solely and exclusively in the courts of the State of New York sitting in New York County, or, . . . in the United States District Court for the Southern District of New York:

> Except as otherwise provided in Section 12.9, any Claim seeking to enforce any provision of, or based on any right or claim arising out of or relating to, this Agreement, any of the other Transaction Documents, or the Contemplated Transactions shall be brought by or against any of the Parties solely and exclusively in the courts of the State of New York sitting in New York County, or, if it has or can acquire jurisdiction, in the United States District Court for the Southern District of New York in New York County, and each of the Parties (a) irrevocably consents to the exclusive jurisdiction of such courts (and of the appropriate appellate courts) in any such Claim, and (b) hereby waives and agrees not to assert, by way of motion, as a defense or otherwise, in any such Claim, (i) that such Party is not subject personally to the jurisdiction of the above-named courts, (ii) that venue in any such court is improper, (iii) that such Party's property is exempt or immune from attachment or execution, (iv) that any such Claim brought in one of the above-named courts should be dismissed on grounds of improper venue, (v) that such Claim should be transferred or removed to any court other than one of the abovenamed courts, (vi) that such Claim should be stayed by reason of the pendency of some other Claim in any other court other than one of the above-named courts, or (vii) that this Agreement or the subject matter hereof may not be enforced in or by such court, and (c) hereby agrees not to commence or prosecute any such Claim other than before one of the above-named courts.

(ECF No. 21-1 at 1 (citing ECF No. 21-2 at 58 ¶ 12.5).)

Defendant argues that because there is a forum selection clause, the court in the context of its section 1404(a) analysis can only consider public-interest factors. (Id. at 7 (citing Atl. Marine, 134 S. Ct. at 575).) In this regard, Defendant asserts that the public interest factors do not "justify disregarding the forum selection clause." (Id. at 7–8 ("[O]ne of the public interest factors weighs in favor of transferring this case, while the remaining two factors are, at most, neutral.").) Based on the aforementioned, Defendant urges the court to "enforce the parties' bargained-for agreement to litigate disputes between them in New York." (Id. at 7.)

In the alternative to transferring the matter, Defendant argues that it is entitled to

dismissal of Plaintiffs' third claim for breach of an implied duty of good faith and fair dealing

because all of Defendant's "alleged 'misconduct' is expressly covered by the terms of the MIPA

and the Escrow Agreement." (Id. at 8.) In this regard, Defendants assert that Plaintiffs have

failed to allege a gap in the parties' agreements requiring application of the implied duty. (Id.

(quoting Haney v. Blackhawk Network Holdings, Inc., No. 10851, 2016 WL 769595, at *9 (Del.

Ch. Feb. 26, 2016) ("Where a plaintiff has failed to identify a gap in the contract, merely

repeating the defendant's allegedly improper acts or omissions already the subject of a separate

breach of contract claim is insufficient to support a claim for breach of the implied covenant of

good faith and fair dealing.")).) Accordingly, Defendant requests that Plaintiffs' implied duty

claim be dismissed if the court decides to not transfer the matter. (ECF No. 21-1 at 9.)

### 2. *Plaintiffs*

Plaintiffs oppose the Motion to Transfer Venue arguing that Defendant's invocation of

the forum selection clause is invalid because it disregards both "an exception to the forum

selection clause" and a separate applicable provision. (ECF No. 24 at 9.) Specifically, Plaintiffs

assert that "Section 12.5[4] [of the MIPA] and the corresponding Section 12.9,[5] are dispositive and

---

[4] Supra at 6.
[5] Section 12.9 provides:

> The Parties acknowledge and agree that the Sellers and Buyer would be
> irreparably harmed if any of the provisions of this Agreement are not performed
> in accordance with their specific terms and that any breach of this Agreement by
> the Selling Parties or the Buyer could not be adequately compensated in all cases
> by monetary damages alone. Accordingly, the Parties agree that, in addition to
> any other right or remedy to which Buyer or the Sellers may be entitled at Law or
> in equity, Buyer and the Sellers shall be entitled to enforce any provision of this
> Agreement by a decree of specific performance and to obtain temporary,
> preliminary, and permanent injunctive relief (in each case from any court of
> competent jurisdiction) to prevent breaches of this Agreement, without posting
> any bond or giving any other undertaking or having to prove actual damages or
> that monetary damages will not afford an adequate remedy. The Parties agree that
> they shall not oppose or otherwise challenge the appropriateness of equitable

defeat [Defendant] Lewis-Goetz's Motion to Transfer" because these sections permit Plaintiffs "to obtain temporary, preliminary, and permanent injunctive relief" from any court of competent jurisdiction. (ECF No. 24 at 9 & 11.) Therefore, Plaintiffs assert that their action is proper in this court of competent jurisdiction because they are seeking "declaratory judgment, specific performance, and injunctive relief with respect to the Purchase Agreement and the Escrow Agreement, which are claims directly covered by Section 12.5 and 12.9 of the Purchase Agreement." (ECF No. 24 at 11.)

Plaintiffs also argue that their implied covenant of good faith and fair dealing claim should not be dismissed because their allegations "support the conclusion that [Defendant] Lewis-Goetz acted in bad faith and for the purpose of attempting to recover for lost customers or sales (which were lost for reasons unrelated to Plaintiffs' conduct) or otherwise to reduce the ultimate net purchase price paid by [Defendant] Lewis-Goetz in the Purchase Agreement, by wrongfully placing blame on Plaintiffs." (Id. at 14 (citing ECF No. 18 at 8 ¶¶ 44–45).)

B.    The Court's Review

Defendant moves to transfer the matter to the Southern District of New York pursuant to a forum selection clause contained in section 12.5 of the MIPA. (ECF No. 21 at 1 (referencing ECF No. 18-1 at 58 § 12.5).) In order to resolve Defendant's Motion to Transfer, the court must determine whether the forum selection clause is valid. Plaintiffs do not contend that the forum selection clause is unreasonable under Albemarle Corp. Instead, Plaintiffs argue that this court is a proper forum for this action pursuant to section 12.9 of the MIPA, which Plaintiffs assert is an exception to section 12.5's forum selection provision. Upon consideration of the parties'

---

relief or the entry by a court of competent jurisdiction of an order granting equitable relief, in either case, consistent with the terms hereof.

(ECF No. 21-2 at 59 ¶ 12.9.)

positions, their dispute is an issue of contract interpretation.

Under South Carolina law,[6] "'[w]here the contract's language is clear and unambiguous, the language alone determines the contract's force and effect.'" Id. (quoting McGill v. Moore, 672 S.E.2d 571, 574 (S.C. 2009)). "'It is a question of law for the court whether the language of a contract is ambiguous.'" Id. at 710 (quoting S.C. Dep't of Nat. Res. v. Town of McClellanville, 550 S.E.2d 299, 302-03 (S.C. 2001)). "'A contract is ambiguous when it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business.'" Id. (quoting Hawkins v. Greenwood Dev. Corp., 493 S.E.2d 875, 878 (S.C. Ct. App. 1997)). Moreover, "'extrinsic evidence may only be considered if the contract is ambiguous.'" Rodarte v. Univ. of S.C., 2015 WL 4275972, at *5 (S.C. Ct. App. July 15, 2015) (quoting Preserv. Capital Consultants, LLC v. First Am. Title Ins. Co., 751 S.E.2d 256, 261 (S.C. 2013)). "Where a written instrument is unambiguous, parol evidence is inadmissible to ascertain the true intent and meaning of the parties." McGill v. Moore, 672 S.E.2d 571, 576 (S.C. 2009).

Upon review, the court finds that the terms of the MIPA are unambiguous. Specifically, in addition to its forum selection provision, the MIPA allows a party to the Agreement to enforce any of its provisions in "any court of competent jurisdiction [] to prevent breaches of th[e] Agreement, . . . ." (ECF No. 18-1 at 59 § 12.9.) However, in this matter, Plaintiffs allege that Defendant has already breached the MIPA by:

     a.     asserting claims for which it is not entitled to indemnification from Plaintiffs;

---

[6] Because this action is premised on diversity jurisdiction, the interpretation of the Agreement is governed by South Carolina contract law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Vagish, LLC v. Seneca Specialty Ins. Co., Case No. 3:13-cv-03161-TLW, 2014 WL 12638788, at *1 (D.S.C. July 25, 2014) (citing Erie R.R.).

b.      asserting claims that are unsupported and without merit;

c.      wrongfully refusing to provide Chase Bank with joint written instructions directing the release of the Escrow Funds to Plaintiffs; and

d.      otherwise as may be proven at trial.

(ECF No. 18 at 9–10 ¶ 52.)  Based on Plaintiff's express allegations, the court cannot conclude that this action is being "brought to 'prevent' a breach of the parties' agreements" since a breach has already been alleged to have occurred.  (ECF No. 25 at 4.)  Therefore, the court finds that the exception to the MIPA's forum selection clause is inapplicable and the MIPA's forum selection clause is valid.  The foregoing finding resolves Defendant's Motion to Transfer because Plaintiffs also fail to present exceptional circumstances mandating that the forum selection clause not be given controlling weight.  Accordingly, this case should be transferred to the Southern District of New York as requested by Defendant.

## V.    CONCLUSION

Upon careful consideration of the entire record and for the reasons set forth above, the court hereby **GRANTS** Defendant Lewis-Goetz and Company, Inc.'s Motion to Transfer Venue and **TRANSFERS** the matter to the United States District Court for the Southern District of New York.  (ECF No. 21.)  The court **DECLINES** to rule on the remaining pending Motion to Dismiss (id.) in this case and leaves resolution of this Motion for the transferee court.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 31, 2017
Columbia, South Carolina